UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING,
SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION        MDL No. 2459


ORDER DENYING TRANSFER


**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in three actions pending in the District of South Carolina move to centralize this litigation in that district. The litigation encompasses the five actions listed on Schedule A.[1]

All responding plaintiffs support centralization, but there is some disagreement as to an appropriate transferee district. Plaintiff in the Eastern District of Virginia constituent action supports centralization in the District of South Carolina, as do plaintiffs in three potential tag-along actions pending, respectively, in the District of Arizona, the Middle District of Louisiana, and the District of South Carolina. Plaintiffs in the Southern District of Illinois constituent action and a potential tag-along action in the Southern District of Mississippi also support centralization, but argue in favor of selection of the Southern District of Illinois as transferee district. Plaintiffs in potential tag-along actions in the Northern District of Illinois (two actions), the Western District of Oklahoma, the Eastern District of Texas, and the Northern District of Texas argue for centralization in the Northern District of Illinois. Common defendant Pfizer Inc. (Pfizer) strenuously opposes centralization.

Upon a cursory review, one might think these cases represent a clear candidate for centralization. The subject actions do share factual issues arising from allegations that taking Pfizer's cholesterol drug Lipitor can result in the development of type 2 diabetes, and that Pfizer failed adequately to warn consumers of this problem. The number of actions pending in this litigation might, in other circumstances, be sufficient to justify centralization.[2] However, other factors weigh against centralization here. In particular, almost half of the actions currently comprising this litigation are pending in a single district – the District of South Carolina, and many of the actions involve common plaintiffs' counsel. The South Carolina actions already are proceeding in a coordinated fashion before one judge, and, importantly, Pfizer represents in its brief that it is "ready and willing to work with Plaintiffs' counsel in the [non-South Carolina] actions to appropriately coordinate any common discovery or other pretrial matters across the cases." Pfizer Mem. Opp., at 1 (ECF No. 18). Given that express representation, the limited number of involved actions, and the overlap among counsel, we do not believe that creation of an MDL is necessary at this time.

---

[1]   The Panel has been informed of 23 additional related federal actions.

[2]   *See, e.g.*, *In re: Propecia (Finasteride) Prods. Liab. Litig.*, 856 F. Supp. 2d 1334 (J.P.M.L. 2012) (centralizing nine actions pending in six districts).

- 2 -

Although plaintiffs suggest that the number of Lipitor cases is likely to expand considerably, we are disinclined to take into account the mere possibility of future filings in our centralization calculus.[3] That is particularly true here. Lipitor came to market in the late 1990's, and is one of the best-selling prescription drugs of all time. Virtually all the complaints in these actions cite a label change for the drug – as well as other statins – informing patients that increases in blood sugar levels had been reported with statin use. That label change, however, occurred in February 2012. Yet, more than a year later, only a relative handful of actions have been brought actually alleging a link between an individual's ingestion of Lipitor and the development of her type 2 diabetes.

As always in this type of litigation, a highly individualized inquiry is necessary to determine whether any particular plaintiff developed type 2 diabetes as a result of taking Lipitor. Where few cases are filed, the balance tips toward allowing the regular litigation process to resolve those cases.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these five actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance

---

[3] *See In re: Intuitive Surgical, Inc., Da Vinci Robotic Surgical Sys. Prods. Liab. Litig.*, 883 F. Supp. 2d 1339, 1340 (J.P.M.L. 2012) ("While proponents maintain that this litigation may encompass 'hundreds' of cases or 'over a thousand' cases, we are presented with, at most, five actions.").

**IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING,
SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**     MDL No. 2459

## SCHEDULE A

<u>Southern District of Illinois</u>

Kimberly Hines v. Pfizer Inc., C.A. No. 3:13-00404

<u>District of South Carolina</u>

Evalina Smalls v. Pfizer Inc., C.A. No. 2:13-00796
Waltraud Gina Kane v. Pfizer Inc., C.A. No. 2:13-01012
Susan Marie Turner v. Pfizer Inc., C.A. No. 2:13-01108

<u>Eastern District of Virginia</u>

Patricia Colbert v. Pfizer Inc., C.A. No. 2:13-00178